UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AMERICAN BOOK COMPANY, | ) |
| Plaintiff/Counter-Defendant, | ) |
| v. | ) |
| TROY GLICK, | ) No.: 3:04-CV-424 |
| | ) (VARLAN/GUYTON) |
| Defendant/Counter-Plaintiff/ Third-Party Plaintiff, | ) |
| v. | ) |
| ABC EMPLOYMENT SERVICES, INC., | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion to strike [Doc. 7] filed on behalf of American Book Company ("ABC"), the plaintiff/counter-defendant, as well as the motion to strike [Doc. 9] filed on behalf of ABC Employment Services ("ABC Employment"), the third-party defendant. These motions seek to strike allegations contained in the Counterclaim and Third-Party Complaint filed by Troy Glick ("Glick"), the defendant/counter-plaintiff/third-party plaintiff.

ABC filed its Complaint against Glick on August 18, 2004 in the Chancery Court of Knox County, seeking a declaratory judgment that the parties did not enter into an employment agreement for a specific term, that Glick was employed by ABC as an at-will employee and was subject to termination without cause, and that Glick was properly terminated and has no claim for damages under the employment agreement. In filing the action, ABC attached an e-mail from Glick to the

president of ABC, Dean Winegardner, which included a statement that Glick would be seeking the full amount due under the contract but would consider a reasonable negotiation of this amount.

On September 15, 2004, defendant Glick removed this action to the District Court and filed his Answer and Counterclaim [*see* Docs. 1, 3]. On September 29, 2004, Glick filed a Third-Party-Complaint against ABC Employment [*see* Doc. 5]. Glick makes claims for declaratory judgment and breach of contract. Both the Counterclaim in paragraphs 36 and 37 and the Third-Party Complaint in paragraphs 39 and 40 contain the following allegations:

> After filing suit against Glick, on Thursday, August 19, 2004, Winegardner called Glick and offered Glick four weeks of Glick's salary as severance. However, Winegardner informed Glick that the offer expired at the conclusion of the telephone call. In response, Glick told Winegardner that he needed to consult counsel.
>
> In addition, during the same conversation and after Glick told Winegardner he needed to consult counsel, Winegardner informed Glick that American Book had filed suit against him in Knox County.

On October 4, 2004, ABC filed a motion to strike [Doc. 7] paragraphs 36 and 37 of Glick's Counterclaim. On October 12, 2004, ABC Employment filed a motion to strike [Doc. 9] paragraphs 39 and 40 of Glick's Third-Party-Complaint. Both motions seek to strike Glick's allegations regarding compromise negotiations on the basis that they are inadmissible under Rule 408 of the Federal Rules of Evidence and constitute immaterial and impertinent matter that should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Rule 408 of the Federal Rules of Evidence provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any

2

> evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to strike "any redundant, immaterial, impertinent or scandalous matter" from any pleading.

Generally, motions to strike are disfavored and will be denied unless the allegations have "no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004). *See also Overnite Transp. Co. v. International Bhd. of Teamsters*, 168 F. Supp. 2d 826, 850 (W.D. Tenn. 2001). Where doubt exists as to whether the matter to be stricken raises an issue of fact or law, the motion should be denied. 5C Wright & Miller, *supra* at § 1382. The Sixth Circuit has explained the general approach to striking pleadings as follows:

> Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted).

With these well-settled principles in mind, the Court has carefully considered the positions of the parties and has thoroughly reviewed the briefs filed herein. The Court specifically notes Glick's arguments that ABC opened the door by attaching to the Complaint the very compromise

negotiations it now seeks to exclude and that he did not assert the allegations at issue merely to prove liability under the employment agreement but to demonstrate the manner in which ABC attempted to terminate the contractual relationship. ABC points out that it had to allege that Glick sought payment under the employment agreement in order to show a dispute ripe for summary judgment. At this stage of the proceedings and based upon the authority cited herein, the Court hereby **DENIES** ABC's motion to strike [Doc. 7] such that paragraphs 36 and 37 of Glick's Counterclaim will not be stricken and **DENIES** ABC Employment's motion to strike [Doc. 9] such that paragraphs 39 and 40 of Glick's Third-Party Complaint will not be stricken. The Court advises the parties that this decision does not preclude ABC and ABC Employment from filing an appropriate motion in limine to address whether such evidence should be presented to the jury.

IT IS SO ORDERED.

        s/ Thomas A. Varlan
        UNITED STATES DISTRICT JUDGE